NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**KATHRYN WALKER,**
*Plaintiff-Appellant,*

**v.**

**UNITED STATES,**
*Defendant-Appellee.*

---

2014-5112

---

Appeal from the United States Court of Federal Claims in No. 1:12-cv-00649-MBH, Judge Marian Blank Horn.

---

Decided: November 10, 2014

---

KATHRYN WALKER, of Middletown, Maryland, pro se.

AUSTIN M. FULK, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee. Of counsel on the brief were STUART F. DELERY, Assistant Attorney General, ROBERT E. KIRSCHMAN, JR., Director, and MARTIN F. HOCKEY, JR., Assistant Director.

---

Before WALLACH, TARANTO and CHEN, *Circuit Judges.*

PER CURIAM.

Kathryn Walker appeals from the final decision of the United States Court of Federal Claims (Claims Court) granting the Government's motion to dismiss for lack of jurisdiction. *Walker v. United States*, 117 Fed. Cl. 304 (2014). We affirm.

## BACKGROUND

Ms. Walker served in various units in the United States Army Reserve and Army National Guard. On January 13, 2003, she was mobilized for active duty in support of Operation Enduring Freedom. While on active duty, Army medical personnel diagnosed Ms. Walker with carpal tunnel syndrome in both hands that rendered her unfit to perform her duties. *Id.* at 307–08. Shortly thereafter, Ms. Walker applied for incapacitation pay for "bilateral carpal tunnel syndrome." *Id.* at 308. Ms. Walker received an honorable discharge from active duty on August 19, 2003, and was transferred back to the Army Reserve. On September 4, 2003, a military physician evaluated Ms. Walker as unfit to perform military duties through March 4, 2004. *Id.*

By the fall of 2005, the commander of Ms. Walker's Army Reserve Unit became aware that Ms. Walker erroneously received active duty pay from the time she was discharged from active duty until May 2004, in the aggregate amount of approximately $55,000. Her commanding officer commenced an investigation, an Administrative Separation Board was convened, and Ms. Walker was discharged from the Army Reserve under other than honorable conditions on October 1, 2006, in part because she "mismanaged her personal affairs to the discredit of the service," "intentionally neglected or failed to perform assigned duties," and "intentionally neglected or failed to reply to official correspondence." *Id.* at 310.

Ms. Walker appealed twice to the Army Discharge
Review Board and three times to the Army Board for
Correction of Military Records (ABCMR), requesting that
the characterization of her discharge from the Army
Reserve be changed from "under other than honorable" to
"honorable." *Id.* Ms. Walker's request was denied each
time. Ms. Walker's third appeal to the ABCMR also
contained a claim for unpaid incapacitation pay she
alleged she was due from the time of her discharge from
active duty though the date of separation from the Army
Reserve. The ABCMR denied Ms. Walker's claim, finding
that her application did not contain the proper documen-
tation. *Id.* at 312.

On September 27, 2012, Ms. Walker filed a complaint
with the Claims Court requesting 1) incapacitation pay
pursuant to the Military Pay Act, 37 U.S.C. § 204(g)(1) for
the period from September 2003 through February 2004,
2) reinstatement to the Army Reserve, and 3) correction of
her military records to set aside her discharge under
other than honorable conditions. *Id.* at 313. The Gov-
ernment filed a motion to dismiss, which the Claims
Court granted. The Claims Court held that it lacked
jurisdiction because Ms. Walker's claim for incapacitation
pay was filed after the six-year statute of limitations had
expired. *Id.* at 320; *see* 28 U.S.C. § 2501. The Claims
Court determined that Ms. Walker's cause of action for
incapacitation pay accrued on April 1, 2004, because that
is when Ms. Walker became aware, or should have be-
come aware, that she did not receive the incapacitation
pay she had requested for the period from September
2003 through February 2004. Ms. Walker's claim on
September 27, 2012, therefore, was well past the expira-
tion of the six-year statute of limitation.

Finally, the Claims Court held that it lacked jurisdic-
tion over Ms. Walker's equitable claims of reinstatement
and military record correction. The Claims Court recog-
nized that it only had jurisdiction to grant monetary relief

and equitable relief "incidental of and collateral to its award of money judgment." *Id.* at 323. The Claims Court held, therefore, that its dismissal of Ms. Walker's incapacitation pay claim required its dismissal of Ms. Walker's equitable claims.

DISCUSSION

We review whether the Claims Court properly dismissed a complaint for lack of jurisdiction de novo. *Boyle v. United States*, 200 F.3d 1369, 1372 (Fed. Cir. 2000).

Through the Tucker Act, the United States waives its sovereign immunity for certain monetary claims, but limits jurisdiction for those claims to claims "filed within six years after such claim first accrues" in the Claims Court. 28 U.S.C. §§ 1491(a)(1), 2501; *United States v. Mitchell*, 463 U.S. 206 (1983). The Tucker Act also allows the Claims Court to provide equitable relief that is "incident of and collateral to" its award of a money judgment. 28 U.S.C. § 1491(a)(2). Here, the Claims Court properly determined that it did not have jurisdiction to hear Ms. Walker's incapacitation pay claim or remaining non-monetary claims.

Ms. Walker argues that her claim for incapacitation pay filed on September 27, 2012, was within the six-year statute of limitations because the claim did not accrue until October 1, 2006, when she was discharged from the Army Reserve. For support, Ms. Walker relies on this Court's decision in *Martinez v. United States*, 333 F.3d 1295, 1303, 1310 (Fed. Cir. 2003) (en banc), which held that the claimant's cause of action for back pay—the pay he would have received but for the allegedly unlawful discharge from active duty—accrued all at once at the time of discharge from active duty.

*Martinez* applied the rule that "[a] cause of action cognizable in a Tucker Act suit accrues as soon as all events have occurred that are necessary to enable the

plaintiff to bring suit, *i.e.*, when 'all events have occurred to fix the Government's alleged liability, entitling the claimant to demand payment and sue here for his money.'" *Id.* at 1303 (quoting *Nager Elec. Co. v. United States*, 177 Ct. Cl. 234, 368 F.2d 847, 851 (1966)). Ms. Walker's cause of action for incapacitation pay, therefore, accrued as soon as all events occurred which were necessary to enable her to bring suit. The only event necessary to enable Ms. Walker to bring suit was the nonpayment of the incapacitation pay that Ms. Walker alleges[1] she was due. As the Clams Court properly determined, by April 1, 2004, "Ms. Walker became aware, or should have become aware, that she did not receive the incapacitation pay she thought she was due." *Walker*, 117 Fed. Cl. at 320. The Claims Court, therefore, lacked jurisdiction to adjudicate Ms. Walker's claim that was filed more than six years after April 1, 2004.

We have considered Ms. Walker's remaining arguments and do not find them persuasive.

## AFFIRMED

No costs

---

[1] Nothing in the record before this Court indicates that the Army or Army Reserve either denied or approved Ms. Walker's claim for incapacitation pay. *See Walker*, 117 Fed. Cl. at 308, 312. The record only sets forth Ms. Walker's request for incapacitation pay, her understanding of, and agreement with, the requirement for requesting incapacitation pay, and findings by the Army and Army Reserve that she was unfit to perform her military duties. *Id.* at 307–08, 312. For the purposes of this appeal, however, we accept as true Ms. Walker's allegation that she was due incapacitation pay. *See Bradley v. Chiron Corp.*, 136 F.3d 1317, 1321–22 (Fed. Cir. 1998).